**Jane DOE, By and Through her mother and next friend, Mary DOE, Plaintiff,**

v.

**DETROIT BOARD OF EDUCATION, Earl Bryant, individually and officially as principal; and Bonnie King, individually and officially as teacher, jointly and severally, Defendants.**

No. CIV. 02–40306.

United States District Court,
E.D. Michigan,
Southern Division.

March 24, 2004.

422 U.S. 922, 931, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975).

Cyril V. Weiner, Weiner & Cox, Elizabeth C. Thomson, Weiner & Cox, Southfield, MI, for Jane Doe, Mary Doe, Mother and next friend of Jane Doe, Plaintiffs.

Gina Smith–Gallant, Detroit Board of Education (Fisher Bldg), James N. Humphries, Detroit Board of Education, Detroit, James R. Bradley, Secrest, Wardle, Lansing, MI, for Detroit Board of Education, Earl Bryant, Bonnie King, Defendants.

## *ORDER*

GADOLA, District Judge.

Before the Court is a motion to dismiss or, in the alternative, for summary judgment brought by Defendant Bonnie King.

For the reasons stated below, the Court will grant Defendant's motion.

## I. BACKGROUND

Plaintiff is a special education student enrolled in the Detroit Public Schools. On December 14, 2001, Defendant Bonnie King was serving as a substitute teacher in Plaintiff's classroom. Sometime during that school day, Plaintiff was allegedly forced to perform fellatio on four male students in the classroom. This incident occurred either when King left the classroom to get a video from her car, when King left the room unattended while the video was playing, or while she was in the room. Plaintiff further alleges that other students informed King of the activity and that King failed to take action.

As a result of this incident, Plaintiff filed a complaint alleging five counts against the Detroit Board of Education, against the school principal Earl Bryant in his individual and official capacities, and against substitute teacher Bonnie King in her individual and official capacities. This Court declined to exercise supplemental jurisdiction. Consequently, only two counts remain before the Court: one for violations of due process under 42 U.S.C. § 1983 and one for deprivation of educational opportunities or benefits in violation of Title IX, 20 U.S.C. § 1681.

Defendant King, the substitute teacher, filed a motion seeking dismissal or summary judgment for the claims against her in her individual and official capacities. In her response brief, Plaintiff states that she "agree[s] to the dismissal of all claims based upon [Title IX, 20 U.S.C. § 1681,] against Defendant King, only." Pl's Resp. at 3. Consequently, the only claim remaining at issue in Defendant King's motion is under 42 U.S.C. § 1983.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green,* 239 F.3d 793, 797 (6th Cir.2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996). To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed.R.Civ.P. 12(b)(6) & 10(c). The Court will not consider matters outside the pleadings for purposes of this motion under Rule 12(b)(6). *See Barrett v. Harrington,* 130 F.3d 246, 253 (6th Cir.1997); 5A Wright, Miller & Marcus, *Federal Practice and*

*Procedure: Civil 2d* § 1366 nn. 16, 18 (1997).

## III. ANALYSIS

The United States Court of Appeals for the Sixth Circuit has held that "[t]o state a claim under § 1983, [Plaintiff] must establish that a person acting under color of state law deprived [Plaintiff] of a federal right." *Soper v. Hoben,* 195 F.3d 845, 852 (6th Cir.1999) (citation omitted). Plaintiff in this case alleges that Defendant King deprived her of "rights, privileges and immunities secured by the Constitution of the United States, Amendments V and XIV, and the laws of the United States." Compl. at ¶ 28. Specifically, Plaintiff alleges a violation of substantive due process.

Plaintiff correctly admits that the Constitution does not provide a right to be protected from actions by private parties. Pl's Resp. at 5; *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 193–94, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). There are, however, exceptional circumstances in which there is a constitutional right to protection. Such a right may arise if a "special relationship" exists between the state and the individual or if the state created the danger. *See Sargi v. Kent City Bd. of Educ.,* 70 F.3d 907, 910–13 (6th Cir.1995) (citations omitted). The Court will examine these exceptions to determine whether Plaintiff has stated a claim against Defendant King under 42 U.S.C. § 1983.

Plaintiff's complaint claims that Defendant King "maintained a special relationship with the minor Plaintiff." Compl. at ¶ 28. As noted above, the assertion of a legal conclusion will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds,* 85 F.3d at 53. Consequently, the Court will disregard this statement, insofar as it is a legal conclusion, and will conduct an independent analysis of the complaint.

The Supreme Court has held that an affirmative duty or special relationship arises when the state limits an individual's liberty and "renders him unable to care for himself, and at the same time fails to provide for his basic human needs." *DeShaney,* 489 U.S. at 200, 109 S.Ct. 998; *Sargi,* 70 F.3d at 910–11 (citing *DeShaney* ). The Sixth Circuit has held that compulsory school attendance does not create a special relationship. *See Soper,* 195 F.3d at 853 ("there is no 'special relationship' between the [public school district] and [plaintiff]") (citing *Sargi,* 70 F.3d at 911). In the *Soper* case, the plaintiff was a "mentally retarded adopted foster child" who was allegedly raped by a classmate. *Id.* at 847. The Sixth Circuit determined that no special relationship was created between the plaintiff and the school, teacher, or administrators, even though plaintiff was mentally impaired and at school when the incident occurred.

In examining Plaintiff's complaint in this case, the Court cannot find any facts alleged that would give rise to a special relationship under the law. As noted above, the supervision of a mentally impaired student by a teacher at school is legally insufficient to create a special relationship. *See Soper,* 195 F.3d at 853. Plaintiff argues that other acts by Defendant King created a special relationship. Specifically, Plaintiff argues that Defendant King was present in the room during the acts, was notified of the acts, and failed to intervene. Plaintiff also argues that Defendant King directed Plaintiff to sit near the offending boys, whom Defendant knew to behave aggressively. Plaintiff claims that Defendant's direction and her deliberate indifference amounted to a restraint on Plaintiff's personal liberty sufficient to create a special relationship.

The failure to act, however, is not equivalent to affirmative acts. The Supreme Court has limited the special relationship exception to situations in which the state affirmatively acts:

> it is the State's *affirmative act* of restraining the individual's freedom to act on his own behalf—*through incarceration, institutionalization, or other similar restraint of personal liberty*—which is the 'deprivation of liberty' triggering the protections of the Due Process Clause, *not its failure to act to protect* his liberty interests against harms inflicted by other means.

*DeShaney,* 489 U.S. at 200, 109 S.Ct. 998 (emphasis added). Defendant King's alleged failure to intervene would be a "failure to act to protect," as described by the Supreme Court. Because it is not an affirmative act, the failure to intervene or protect does not create a special relationship. Similarly, Defendant King's alleged abandonment of the classroom is not an affirmative act of restraint on Plaintiff's personal liberty. Thus, Defendant King's alleged failures to act are insufficient to create a special relationship.

Furthermore, the alleged affirmative act of directing Plaintiff to sit in a certain location is not a "restraint of personal liberty" similar to incarceration or institutionalization. *Id.* Plaintiff does not allege that any physical restraints accompanied this direction or even that leaving her assigned seat would have resulted in any disciplinary consequences. In fact, the complaint does not even contain an allegation of this affirmative direction; this episode is only described in Plaintiff's response brief. Consequently, the Court cannot conclude that Plaintiff has stated a claim under 42 U.S.C. § 1983 based on a special relationship.

■ The Court will next address whether Defendant King can be held liable based on allegations of a state created danger. The Sixth Circuit has held that "[l]iability under the state-created-danger theory is predicated upon *affirmative acts* by the state which either create or increase the risk than an individual will be exposed to private acts of violence." *Kallstrom v. City of Columbus,* 136 F.3d 1055, 1066 (6th Cir.1998) (emphasis added). The danger created must be a "special" danger in which "the state's actions place the victim *specifically* at risk, as distinguished from a risk that affects the public at large." *Id.* (emphasis added, citations omitted). As discussed above, Plaintiff has not alleged affirmative acts. Furthermore, Plaintiff was regularly in the presence of the male students; the Court cannot find in the complaint an affirmative act that imposed a special, specific risk on Plaintiff. The Court therefore cannot find that there is a state created danger. Consequently, the Court will grant Defendant King's motion to dismiss. As Plaintiff has not requested leave to amend her complaint, the Court need not address that issue.

## IV. QUALIFIED IMMUNITY

In the alternative, Defendant King claims that she is entitled to qualified immunity. The Court agrees. The Sixth Circuit has held that "[a] government official performing a discretionary function is entitled to qualified immunity from suit for civil damages unless his actions violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Soper,* 195 F.3d at 853 (internal quotations and citation omitted). The Supreme Court has further explained that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

In this case, Plaintiff has not alleged facts that Defendant King's actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* As discussed above, there are no allegations of affirmative acts by Defendant King. Furthermore, the Court determines that a substitute teacher would not reasonably know that leaving the classroom, ordering a student to sit next to another student, or knowingly refraining from intervening to help a student would violate a clearly established statutory or constitutional right. Accordingly, the Court determines that Defendant King is entitled to qualified immunity.

## V. MOTION TO SUPPLEMENT

Also before the Court is Plaintiff's "motion for leave to file supplemental brief and/or to provide evidence in supplement of Plaintiff's brief in opposition to Defendant King's motion to dismiss." In considering a motion to dismiss, "matters outside the pleadings" are excluded from consideration. *See* Fed.R.Civ.P. 12(b). If the Court considers such matters outside the pleadings, "the motion shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." *Id.* Here, neither Plaintiff nor Defendant King submitted any materials outside the pleadings in support of their briefs regarding the motion to dismiss. Accordingly, the Court has treated the motion as a motion to dismiss. Thus, it would be inappropriate for Plaintiff to supplement its response brief to the motion to dismiss with discovery materials. The Court will therefore deny Plaintiff's motion to supplement the brief. In considering the motion to dismiss, the Court has excluded from consideration all matters outside of the pleadings.

## VI. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant King's motion to dismiss [docket entry 13] is **GRANTED** and this action is dismissed with respect to Defendant King only.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a supplemental brief or to provide supplemental evidence [docket entry 33] is **DENIED**.

**SO ORDERED.**